IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2013

**DANIEL MUNGIA v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-I-457      Steve R. Dozier, Judge**

**No. M2012-01971-CCA-R3-PC   Filed November 1, 2013**

The Petitioner, Daniel Mungia, appeals as of right from the Davidson County Criminal Court's denial of his petition for post-conviction relief. The Petitioner contends (1) that trial counsel was ineffective for failing to prepare a defense; and (2) that his guilty pleas were not knowingly and voluntarily entered. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

William E. Griffith, Nashville, Tennessee, for the appellant, Daniel Mungia.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rachel Marie Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On May 5, 2011, the Petitioner pled guilty to two counts of burglary, a Class D felony. See Tenn. Code Ann. § 39-14-402(a)(1), (c). The Petitioner received an effective sentence of six years and one month to be served on probation. The Petitioner also received a release eligibility of thirty-five percent despite the fact that he was a Range III, persistent offender, subject to a forty-five percent release eligibility. As a factual basis for the guilty pleas, the State provided that twelve items, "mostly tools," had been taken from a construction site in

March 2011. Almost two weeks later, the Petitioner pawned the tools at a pawn shop in Nashville.

During the guilty plea submission hearing, the Petitioner stated that he had discussed and reviewed his case with his trial counsel and that he was satisfied with trial counsel's representation. The trial court informed the Petitioner that he had a right to a jury trial and reviewed with the Petitioner all of the rights associated with a jury trial. The Petitioner stated that he understood those rights and that he was waiving them in order to plead guilty. The Petitioner stated that he reviewed the plea agreement with trial counsel and that he had signed the document. The Petitioner also stated that it was his decision to plead guilty and that no one had forced or threatened him into accepting the plea agreement.

After entering his guilty pleas, the Petitioner was released on probation. However, the Petitioner never reported to his probation officer. A probation violation warrant was issued, and in October 2011, the Petitioner's probation was revoked. Once incarcerated, the Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed alleging that trial counsel was ineffective for failing to prepare a defense and that the Petitioner's guilty pleas were not knowingly and voluntarily entered. On July 13, 2012, the post-conviction court held a hearing on this matter at which both the Petitioner and trial counsel testified.

The Petitioner claimed that he did not break into the construction site and steal the tools but that he only pawned the items to help an acquaintance. The Petitioner testified that he was insistent that he wanted his case to go to a jury trial because he was innocent. The Petitioner further testified that trial counsel only spoke with him about his case twice and that trial counsel did nothing to investigate his claim of innocence. The Petitioner claimed that trial counsel did nothing but insist that he plead guilty and that trial counsel acted more like a prosecutor than a defense attorney.

The Petitioner testified that he eventually decided to accept the plea agreement because trial counsel "threatened" him with a longer sentence if he went to trial. The Petitioner also testified that he could not read or write and that trial counsel did not review the plea agreement with him. The Petitioner claimed that no one, not even the trial court, informed him that he had the right to insist on a jury trial. The Petitioner also claimed that trial counsel told him he would receive a four-year sentence, but right before he entered his plea, the sentence was changed to six years and one month. The Petitioner testified that he accepted the plea anyway because he "didn't know what else to do."

Trial counsel testified that he represented the Petitioner in this case and several prior cases as well. Trial counsel testified that he was aware that the Petitioner could not read or

write and that he "require[d] a little bit of extra attention." Trial counsel testified that he spent "a considerable amount of time" reviewing the case with the Petitioner, more time than he would normally spend on this type of case. Trial counsel testified that he spoke with the Petitioner "multiple times" in person and over the phone about this case, that he spoke with the investigating officer, and that he negotiated with the prosecutor. According to trial counsel, the State provided the Petitioner with an initial offer of four years to be served on probation.

The Petitioner rejected the State's initial offer and insisted on having a preliminary hearing. Trial counsel testified that immediately after the preliminary hearing, the Petitioner stated that he wanted to accept the State's offer. Trial counsel explained that the State would typically withdraw its initial offer after the preliminary hearing, but he spoke with the prosecutor and her supervisor and was able to get the State to agree to a four-year sentence. Trial counsel testified that he was prepared to take the case to trial but that the Petitioner decided to plead guilty.

Prior to the guilty plea submission hearing, the Petitioner informed trial counsel that he wanted to receive a sentence of greater than six years so that, if he violated his probation, he would serve his time in the Tennessee Department of Correction (TDOC). Trial counsel testified that it was not unusual for defendants to want to serve a sentence in TDOC because it was "a better quality of life" than the alternatives. Based upon the Petitioner's request, trial counsel secured a sentence of six years and one month. Trial counsel testified that he went through the plea agreement "very thoroughly" with the Petitioner and that he read every line of the plea agreement to him. Trial counsel claimed that he would stop and explain in more detail any areas of confusion the Petitioner had. Trial counsel testified that he believed the Petitioner was aware of what he was doing and was competent to plead guilty on the day of the guilty plea submission hearing.

On July 24, 2012, the post-conviction court entered a written order denying the Petitioner post-conviction relief. The post-conviction court accredited the testimony of trial counsel over that of the Petitioner. The post-conviction court also noted that the transcript of the guilty plea submission hearing directly contradicted some of the Petitioner's testimony at the post-conviction hearing. The post-conviction court concluded that the Petitioner's guilty pleas were knowingly and voluntarily entered and that trial counsel was not ineffective in his representation of the Petitioner.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief. The Petitioner argues that trial counsel was ineffective because

he failed to investigate the case, meet with the Petitioner, and prepare a defense. The Petitioner further argues that his guilty pleas were not knowingly and voluntarily entered into because trial counsel "threatened" him with a longer sentence if he went to trial. The State responds that the Petitioner has failed to prove his allegations by clear and convincing evidence.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The Petitioner's arguments on appeal are based solely upon his testimony at the post-conviction hearing. However, the trial court accredited the testimony of trial counsel over the Petitioner's testimony. The evidence at the post-conviction hearing established that trial counsel spent a significant amount of time on this case due to his experience with the Petitioner and knowledge of the Petitioner's limitations. Trial counsel was preparing to try the case while also negotiating a plea agreement with the State. The Petitioner initially

rejected the State's offer of four years to be served on probation, but he changed his mind immediately after the preliminary hearing. Trial counsel was able to re-secure the State's initial offer.

The Petitioner then requested that his sentence be lengthened to six years and one month so that if he violated his probation he would serve his sentence in TDOC. Trial counsel testified that he throughly reviewed the plea agreement with the Petitioner and read every line of it to him. The Petitioner stated at his plea submission hearing that he made the decision to plead guilty, that he understood that he was waiving his right to a jury trial, and that no one forced him into accepting the plea agreement. Based upon the foregoing, we conclude that the Petitioner has failed to demonstrate by clear and convincing evidence that his guilty pleas were not knowingly and voluntarily entered into and that he received ineffective assistance from trial counsel. Accordingly, we affirm the judgment of the post-conviction court.

<u>CONCLUSION</u>

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE